# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
Filed: April 9, 2020

| | | |
|---|---|---|
| * * * * * * * * * * * * * | | |
| GUY IRWIN, | * | UNPUBLISHED |
| | * | |
| Petitioner, | * | No. 16-1454V |
| | * | |
| v. | * | Special Master Gowen |
| | * | |
| SECRETARY OF HEALTH | * | Attorneys' Fees and Costs; |
| AND HUMAN SERVICES, | * | Interim Award |
| | * | |
| Respondent. | * | |
| * * * * * * * * * * * * * | | |

*Renée J. Gentry,* The Law Office of Renee J. Gentry, Washington, D.C., for petitioner.
*Dhairya D. Jani,* U.S. Department of Justice, Washington, D.C., for respondent.

### DECISION ON INTERIM ATTORNEYS' FEES AND COSTS[1]

On December 2, 2019, Guy Irwin ("petitioner") filed a motion for interim attorneys' fees and costs. **I hereby GRANT the motion and award $42,118.90 in interim attorneys' fees and costs and $218.58 in costs incurred by petitioner.**

### I.      Procedural History

On November 4, 2016, petitioner filed this claim in the National vaccine Injury Compensation Program. Petition (ECF No. 1).[2] Petitioner alleges that he suffered a stroke after receiving an influenza ("flu") vaccination on November 7, 2014. Petition at ¶¶ 5 & 9.

---

[1] Pursuant to the E-Government Act of 2002, *see* 44 U.S.C. § 3501 note (2012), **because this opinion contains a reasoned explanation for the action in this case, I intend to post it on the website of the United States Court of Federal Claims.** The court's website is at http://www.uscfc.uscourts.gov/aggregator/sources/7. Before the opinion is posted on the court's website, each party has 14 days to file a motion requesting redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). An objecting party must provide the court with a proposed redacted version of the opinion. *Id.* **If neither party files a motion for redaction within 14 days, the opinion will be posted on the court's website without any changes.** *Id.*

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-1 to -34 (2012) (Vaccine Act or the Act). All citations in this decision to individual sections of the Vaccine Act are to 42 U.S.C.A. § 300aa.

On January 4, 2017, petitioner filed supporting medical records and a statement of completion.  ECF Nos. 6-8.  I held a status conference on November 30, 2017, where the parties expressed difficulty obtaining the petitioner's primary treating physician's records and sought additional time to obtain the outstanding medical records. Scheduling Order (ECF No. 23).  On April 27, 2018, petitioner filed a status report indicating that the medical records petitioner had sought from his treating physician were destroyed by water damage.  Status Report (ECF No. 30).  I held another status conference on May 17, 2018, where I ordered petitioner to file any medical records (including pharmacy records), hospital records and affidavits regarding petitioner's health prior to the vaccination at issue.  Order (ECF No. 31).  Additionally, I ordered petitioner to file an expert report addressing vaccine causation.  *Id.*

On April 10, 2019, petitioner filed an expert report from Dr. Carolo Tornatore and supporting medical literature. Petitioner's Exhibits ("Pet. Exs.") 24-27.  Petitioner filed additional medical records on August 12, 2019.  Pet. Exs. 28-34.

On October 18, 2019, petitioner filed a consented motion to substitute attorneys, replacing Mr. Shoemaker with Ms. Renée Gentry as counsel of record.  The motion was granted the same day.  On October 23, 2019, respondent's counsel also changed.  Respondent filed a motion for an extension of time to file the Rule 4(c) report and an expert report.  Resp. Motion for Extension of Time (ECF No. 57).  Respondent's motion was granted on October 28, 2019.

Petitioner file this motion for interim attorneys' fees and costs totaling $42,118.90 for work performed and costs incurred by petitioner's former counsel of record, Mr. Cliff Shoemaker.  Pet. Interim Fee Application ("Pet. Int. App.").  On December 11, 2019, respondent filed a response to petitioner's interim fee application, stating, "Respondent defers to the special master to determine whether petitioner has met the legal standard for an interim fees and costs award as set forth in *Avera v. Sec'y of Health & Human Servs.,* 515 F.3d 1343 (Fed. Cir. 2008)."  Resp. Response at 2.  Respondent, "therefore respectfully requests that the Court exercise its discretion and determine a reasonable award for attorneys' fees and costs, if any at this time."  *Id.* at 3.

On February 26, 2020, petitioner filed a motion to vacate judgment on interim attorneys' fees and costs.  ECF No. 68.  The Court granted petitioner's motion on February 27, 2020.  Accordingly, this decision reflects petitioner's motion.

## II.     Entitlement to Attorneys' Fees and Costs

### A.  Legal Standard

The Vaccine Act provides that reasonable attorney's fees and costs "shall be awarded" for a petition that results in compensation.  §15(e)(1)(A)-(B).  Even when compensation is not awarded, reasonable attorneys' fees and costs "may" be awarded "if the special master or court determines that the petition was brought in good faith and there was a reasonable basis for which the claim was brought."  § 15(e)(1).  The Federal Circuit has reasoned that in formulating this standard, Congress intended "to ensure that vaccine injury claimants have readily available a competent bar to prosecute their claims."  *Cloer v. Sec'y of Health & Human Servs.*, 675 F.3d

2

1358, 1362 (Fed. Cir. 2012). In light of the lack of specific objections from respondent and my full review of the evidence, I find that this claim was filed with and has maintained good faith and reasonable basis to date.

### B. Interim Awards

The Vaccine Act permits interim attorneys' fees and costs. *Avera v. Sec'y of Health & Human Servs.*, 515 F.3d 1343, 1352 (Fed. Cir. 2008); *Shaw v. Sec'y of Health & Human Servs.*, 609 F.3d 1372 (Fed. Cir. 2010). In *Shaw,* the Federal Circuit held that it was proper to grant an interim award when "the claimant establishes that the cost of litigation has imposed an undue hardship." 609 F.3d at 1375. In *Avera,* the Federal Circuit stated that "[i]nterim fees are particularly appropriate in cases where proceedings are protracted and costly experts must be retained." 515 F.3d at 1352. I do not routinely grant interim fee applications. I generally defer ruling on an interim fee application if: the case has been pending for less than 1.5 years (measured from the date of filing); the amount of fees requested is less than $30,000; and/ or the aggregate amount of expert costs is less than $15,000. If any one of these conditions exists, I generally defer ruling until these thresholds are met or until an entitlement hearing has occurred. These are, however, only informal requirements, and there are ultimately many factors bearing on the merit of an interim fee application. I evaluate each one on its own merits.

This matter has pending for over three years. Since the petition was filed, petitioner has retained a new attorney and respondent's counsel has changed multiple times as well. Additionally, petitioner's attempt to obtain his primary treating physician's records delayed this case, but it is now moving forward on a litigation track. This case may necessitate additional expert reports, an entitlement hearing, a written opinion, and/or other proceedings. Therefore, an award of interim fees and costs is appropriate.

### III. Reasonable Attorneys' Fees and Costs

### A. Legal Standard

As stated above, the Vaccine Act only authorizes "reasonable" attorneys' fees and costs. The Federal Circuit has approved use of the lodestar approach to determine reasonable attorneys' fees and costs under the Vaccine Act. *Avera*, 515 F.3d at 1349. Using the lodestar approach, a court first determines "an initial estimate of a reasonable attorneys' fee by 'multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate.'" *Id.* at 1347-58 (quoting *Blum v. Stenson*, 465 U.S. 886, 888 (1984)). Then, the court may make an upward or downward departure from the initial calculation of the fee award based on other specific findings. *Id.* at 1348. Although not explicitly stated in the statute, the requirement that only reasonable amounts be awarded applies to costs as well as to fees. *See Perreira v. Sec'y of Health & Human Servs.*, 27 Fed. Cl. 29, 34 (1992), *aff'd*, 33 F.3d 1375 (Fed. Cir. 1994).

Special masters have "wide discretion in determining the reasonableness of both attorneys' fees and costs." *Hines v. Sec'y of Health & Human Servs.*, 22 Cl. Ct. 750, 753 (1991). They may look to their experience and judgment to reduce the number of hours billed to a level they find reasonable for the work performed. *Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d

1517, 1521 (Fed. Cir. 1993).  A line-by-line evaluation of the billing records is not required.  *Wasson v. Sec'y of Health & Human Servs.*, 24 Cl. Ct. 482, 483 (1991), *aff'd in relevant part*, 988 F.2d 131 (Fed. Cir. 1993 (per curiam).

The petitioner "bea[rs] the burden of establishing the hours expended, the rates charged, and the expenses incurred" are reasonable.  *Wasson*, 24 Cl. Ct. at 484.  Adequate proof of the claimed fees and costs should be presented when the motion is filed.  *Id.* at 484, n. 1.  Counsel "should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours from his fee submission."  *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983).

### B. Hourly Rate

The interim fee decision in *McCulloch* provides a framework for consideration of appropriate ranges for attorneys' fees based upon an individual's experience.  *McCulloch v. Sec'y of Health & Human Servs.*, No. 09-293V, 2015 WL 5634323 (Fed. Cl. Spec. Mstr. Sept. 1, 2015), *motion for recons. denied*, 2015 WL 6181910 (Fed. Cl. Spec. Mstr. Sept. 21, 2015).  The Court has since updated the *McCulloch* rates.  The Attorneys Forum Hourly Rate Fee Schedules for 2015-2016, 2017, 2018, and 2019 can be accessed online.[3]  In this case, petitioner requests that work performed by his former attorney of record, Mr. Cliff Shoemaker, be compensated at an hourly rate of $430.00 per hour for work performed in 2016; $440.00 per hour for work performed in 2017; $450.00 per hour work for performed in 2018; and $460.00 per hour for work performed in 2019.  Pet. Int. App. at 23-31.  Petitioner requests that work performed by Ms. Renée Gentry,[4] be compensated at an hourly rate of $424.00 per hour for work performed in 2017; $435.00 per hour for work performed in 2018; and $445.00 per hour for work performed in 2019.  *Id.* at 34.  Additionally, petitioner requests that work performed by paralegals be compensated at a rate of $150.00 per hour for work performed in 2016-2019.  *Id.*  These are generally reasonable and consistent with what I and other special masters have awarded Mr. Shoemaker and Ms. Gentry in the other cases over the years.  Therefore, no reduction to the hourly rate is necessary.

### C. Hours Expended

As previously noted, a line-by-line evaluation of the fee application is not required and will not be performed.  *Wasson*, 24 Cl. Ct. at 484.  Rather, I may rely on my experience to evaluate the reasonableness of hours expended.  *Id.*  Just as "[t]rial courts routinely use their prior experience to reduce hourly rates and the number of hours claimed in attorney fee requests …. [v]accine program special masters are also entitled to use their prior experience in reviewing fee applications."  *Saxton*, 3 F.3d at 1521.

---

[3] United States Court of Federal Claims – OSM Attorneys' Forum Hourly Rate Fee Schedules, available at http://www.cofc.uscourts.gov/node/2914 (last accessed on January 6, 2020).

[4] Ms. Gentry is petitioner's current attorney of record.  When the petition was first filed, Ms. Gentry was an attorney at the law firm of Shoemaker, Gentry & Knickelbein.  She has since left and started The Law Office of Renée J. Gentry.

Upon review of the invoice submitted with the petitioner's interim fee application, the number of hours expended appear to be reasonable and adequately documented. *See* Pet. Int. App. Accordingly, petitioner is awarded $32,054.50 in attorneys' fees.

### D. Costs

Like attorneys' fees, costs incurred-by counsel or petitioners themselves-must be reasonable to be reimbursed by the Program. *Perreira*, 27 Fed. Cl. Ct. 29, 34. Petitioner's attorneys' costs include the filing fee, obtaining medical records, postage, subpoena services and retention of an expert, Dr. Carlo Tornatore. *Id.* at 45. Petitioner requests reimbursement of $8,100.00 ($45.00 per hour for 18 hours of work) for Dr. Carolo Tornatore's invoice. It was reasonable for petitioner to obtain Dr. Tornatore as an expert in this case and he has received the requested rate in the past. Therefore, I do not find cause to adjust his rate in this case.

Additionally, petitioner requests reimbursement of $218.58 in costs he directly incurred. Pet. Int. App. at 1. The petitioner's costs include postage, obtaining medical records and copies. Pet. Int. App. at 3. These costs are adequately documented and routine for cases in the Vaccine Program. **Accordingly, petitioner is awarded $10,064.40 in interim attorneys' costs and $218.58 in petitioner's costs.**

### IV. Conclusion

In accordance with the above, petitioner's motion for interim attorneys' fees and costs is **GRANTED**. Accordingly, I award the following:

1) **A lump sum in the amount of $42,118.90, representing reimbursement for *interim* attorneys' fees and costs, in the form of a check payable jointly to petitioner and Ms. Renée Gentry; and $218.58, representing reimbursement to petitioner for costs incurred, in the form of a check payable to petitioner.**

In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of the Court is directed to enter judgment forthwith.[5]

**IT IS SO ORDERED.**

<u>s/Thomas L. Gowen</u>
Thomas L. Gowen
Special Master

---

[5] Entry of judgment is expedited by each party's filing notice renouncing the right to seek review. Vaccine Rule 11(a).