# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
Filed: December 22, 2025

```
* * * * * * * * * * * * *
GUY IRWIN,                        *
                                  *
        Petitioner,               *          No. 16-1454V
                                  *
v.                                *          Special Master Gowen
                                  *
SECRETARY OF HEALTH               *
AND HUMAN SERVICES,               *
                                  *
        Respondent.               *
* * * * * * * * * * * * *
```

*Renee J. Gentry,* The Law Office of Renee J. Gentry, Washington, D.C., for petitioner.
*Adam N. Muffett,* U.S. Department of Justice, Washington, D.C., for respondent.

## DECISION ON PROFFER[1]

On November 4, 2016, Guy Irwin ("petitioner") filed his claim in the National Vaccine Injury Compensation Program[2], alleging that as a result of receiving the influenza ("flu") vaccine on November 7, 2014, he suffered a stroke. Petition (ECF No. 1). The undersigned issued a Ruling on Entitlement on January 23, 2024, finding that petitioner had demonstrated that the flu vaccine was the cause-in-fact of his stroke. Ruling on Entitlement (ECF No. 112).

On December 19, 2025, respondent filed a Proffer on an award of compensation, which indicates petitioner's agreement to compensation on the terms set forth therein. Proffer (ECF No. 168). I have reviewed the Proffer and award damages in accord with it. The Proffer is attached hereto as Appendix A, along with the funding chart for life care plan items.

---

[1] Pursuant to the E-Government Act of 2002, see 44 U.S.C. § 3501 note (2012), **because this opinion contains a reasoned explanation for the action in this case, I intend to post it on the website of the United States Court of Federal Claims.** The Court's website is at http://www.uscfc.uscourts.gov/aggregator/sources/7. Before the opinion is posted on the Court's website, each party has 14 days to file a motion requesting redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). An objecting party must provide the Court with a proposed redacted version of the opinion. *Id.* **If neither party files a motion for redaction within 14 days, the opinion will be posted on the Court's website without any changes.** *Id.*

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-10 to 34 (2012) (hereinafter "Vaccine Act" or "the Act"). Hereinafter, individual section references will be to 42 U.S.C. § 300aa of the Act.

Consistent with the terms in the attached Proffer, I hereby award the following in compensation for damages:

A) **A lump sum payment of $425,509.66 representing compensation for life care expenses expected to be incurred during the first year after judgment ($94,824.18), lost earnings ($173,019.18), pain and suffering ($150,000.00), and past unreimbursable expenses ($7,666.30), to be paid through an ACH deposit to petitioner's counsel's IOLTA account for prompt disbursement to petitioner, Guy Irwin.**

B) **A lump sum payment of $369.68, representing compensation for satisfaction of the Pennsylvania Department of Health Services Medicaid lien, to be paid through an ACH deposit to petitioner's counsel's IOLTA account for prompt disbursement to:**

> **Pennsylvania Department of Health Services**
> **Bureau of Program Integrity**
> **Division of Thirty Party Liability**
> **Recovery Section**
> **PO BOX 8486**
> **Harrisburg, PA 17105-8486**
> **CIS #: 820161124: ATTN: Michelle Walfred**

C) **An amount sufficient to purchase an annuity contract An amount sufficient to purchase the annuity contract as described in Section II (B) of the Proffer attached herein, as Appendix A, paid to the life insurance company from which the annuity will be purchased.**

The Clerk of the Court is directed to **ENTER JUDGMENT** in accordance with this decision. [3]

**IT IS SO ORDERED.**

<u>**s/Thomas L. Gowen**</u>
Thomas L. Gowen
Special Master

---

[3] Entry of judgment is expedited by each party's filing notice renouncing the right to seek review. Vaccine Rule 11(a).

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**
**OFFICE OF SPECIAL MASTERS**

| | |
|---|---|
| GUY IRWIN, **)** | |
| **)** | |
| Petitioner, **)** | |
| **)** | No. 16-1454V |
| v. **)** | Special Master Gowen |
| **)** | ECF |
| SECRETARY OF HEALTH AND HUMAN **)** | |
| SERVICES, **)** | |
| **)** | |
| Respondent. **)** | |
| **)** | |

**RESPONDENT'S REVISED PROFFER ON AWARD OF COMPENSATION**

On November 4, 2016, Guy Irwin ("petitioner") filed a petition for compensation under the National Childhood Vaccine Injury Act of 1986, 42 U.S.C. §§ 300aa-1 to -34 ("Vaccine Act" or "Act"), alleging that he suffered from stroke and its sequelae, which was caused-in-fact by receiving an influenza ("flu") vaccination on November 7, 2014. Petition (ECF No. 1). On January 23, 2024, Special Master Gowen issued an entitlement decision in favor of petitioner. ECF No. 119. Respondent now proffers the following regarding the amount of compensation to be awarded.[1]

I.      **Items of Compensation**

A.      Life Care Items

Respondent engaged life care planner Laura E. Fox, MSN, BSN, RN, CNLCP, and petitioner engaged Kay Hairston, BSN, RN, CCM, CNLCP, to provide an estimation of petitioner's future vaccine-injury related needs. For the purposes of this proffer, the term

---

[1] The parties have no objection to the amount of the proffered award of damages. However, respondent reserves his right, pursuant to 42 U.S.C. § 300aa-12(e), to seek review of the Special Master's January 23, 2024, ruling on entitlement, finding petitioner entitled to an award under the Vaccine Act. This right accrues following the issuance of the damages decision.

"vaccine injury" is as described in the Special Master's January 23, 2024, Ruling on Entitlement. All items of compensation identified in the life care plan are supported by the evidence, and are illustrated by the chart entitled Appendix A: Items of Compensation for Guy Irwin, attached hereto as Tab A. Respondent proffers that petitioner should be awarded all items of compensation set forth in the life care plan and illustrated by the chart attached at Tab A.[2] Petitioner agrees.

B.    Lost Earnings

The parties agree that based upon the evidence of record, Guy Irwin has suffered past loss of earnings as a result of his vaccine related injury. Therefore, respondent proffers that petitioner should be awarded lost earnings as provided under the Vaccine Act, 42 U.S.C. § 300aa-15(a)(3)(A). Respondent proffers that the appropriate award for Guy Irwin's past lost earnings is $173,019.18. Petitioner agrees.

C.    Pain and Suffering

Respondent proffers that petitioner should be awarded $150,000.00 in actual and projected pain and suffering. This amount reflects that any award for projected pain and suffering has been reduced to net present value. *See* 42 U.S.C. § 300aa-15(a)(4). Petitioner agrees.

D.    Past Unreimbursable Expenses

Evidence supplied by petitioner documents his expenditure of past unreimbursable expenses related to his vaccine-related injury. Respondent proffers that petitioner should be awarded past unreimbursable expenses in the amount of $7,666.30. Petitioner agrees.

---

[2] The chart at Tab A illustrates respondent's position on annual amounts for life care expenses. Annual benefit years run from the date of judgment up to the first anniversary of the date of judgment, and every year thereafter up to the anniversary of the date of judgment.

E.     Medicaid Lien

Respondent proffers that petitioner should be awarded funds to satisfy a Pennsylvania

Department of Human Services Medicaid lien in the amount of $369.68, which represents full

satisfaction of any right of subrogation, assignment, claim, lien, or cause of action the

Commonwealth of Pennsylvania may have against any individual as a result of any Medicaid

payments the Commonwealth of Pennsylvania has made to or on behalf of petitioner from the

date of his eligibility for benefits through the date of judgment in this case as a result of his

vaccine-related injury suffered on or about November 7, 2014, under Title XIX of the Social

Security Act.

## II.     Form of the Award

The parties recommend that the compensation provided to petitioner should be made

through a combination of lump sum payments and future annuity payments as described below,

and request that the Chief Special Master's decision and the Court's judgment award the

following:[3]

A.  A lump sum payment of $425,509.66, representing compensation for life care

expenses expected to be incurred during the first year after judgment ($94,824.18), lost earnings

($173,019.18), pain and suffering ($150,000.00), and past unreimbursable expenses ($7,666.30),

to be paid through an ACH deposit to petitioner's counsel's IOLTA account for prompt

disbursement to petitioner, Guy Irwin.

---

[3] Should petitioner die prior to entry of judgment, the parties reserve the right to move the Court
for appropriate relief.  In particular, respondent would oppose any award for future medical
expenses, future lost earnings, and future pain and suffering.

3

B.  A lump sum payment of $369.68, representing compensation for satisfaction of the

Pennsylvania Department of Human Services Medicaid lien, to be paid through an ACH deposit

to petitioner's counsel's IOLTA account for prompt disbursement to:

Pennsylvania Department of Human Services
Bureau of Program Integrity
Division of Third Party Liability
Recovery Section
PO Box 8486
Harrisburg, PA 17105-8486
CIS #: 820161124
ATTN: Michelle Walfred

Petitioner agrees to endorse this payment to the Pennsylvania Department of Human Services.

C.  An amount sufficient to purchase an annuity contract,[4] subject to the conditions

described below, that will provide payments for the life care items contained in the life care plan,

as illustrated by the chart at Tab A, attached hereto, paid to the life insurance company[5] from

---

[4]  In respondent's discretion, respondent may purchase one or more annuity contracts from one or more life insurance companies.

The parties further agree that the annuity payments cannot be assigned, accelerated, deferred, increased, or decreased by the parties and that no part of any annuity payments called for herein, nor any assets of the United States or the annuity company, are subject to execution or any legal process for any obligation in any manner.  Petitioner and petitioner's heirs, executors, administrators, successors, and assigns do hereby agree that they have no power or right to sell, assign, mortgage, encumber, or anticipate said annuity payments, or any part thereof, by assignment or otherwise, and further agree that they will not sell, assign, mortgage, encumber, or anticipate said annuity payments, or any part thereof, by assignment or otherwise.

[5]  The Life Insurance Company must have a minimum of $250,000,000 capital and surplus, exclusive of any mandatory security valuation reserve.  The Life Insurance Company must have one of the following ratings from two of the following rating organizations:

    a.  A.M. Best Company:  A++, A+, A+g, A+p, A+r, or A+s;

    b.  Moody's Investor Service Claims Paying Rating:  Aa3, Aa2, Aa1, or Aaa;

    c.  Standard and Poor's Corporation Insurer Claims-Paying Ability Rating:  AA-, AA, AA+, or AAA;

which the annuity will be purchased.[6]  Compensation for Year Two (beginning on the first anniversary of the date of judgment) and all subsequent years shall be provided through respondent's purchase of an annuity, which annuity shall make payments directly to petitioner, Guy Irwin, only so long as petitioner is alive at the time a particular payment is due.  At the Secretary's sole discretion, the periodic payments may be provided to petitioner in monthly, quarterly, annual, or other installments.  The "annual amounts" set forth in the chart at Tab A describe only the total yearly sum to be paid to petitioner and do not require that the payment be made in one annual installment.

    1.     <u>Growth Rate</u>

Respondent proffers that a four percent (4%) growth rate should be applied to all non-medical life care items, and a five percent (5%) growth rate should be applied to all medical life care items.  Thus, the benefits illustrated in the chart at Tab A that are to be paid through annuity payments should grow as follows: four percent (4%) compounded annually from the date of judgment for non-medical items, and five percent (5%) compounded annually from the date of judgment for medical items.  Petitioner agrees.

    2.     <u>Life-contingent annuity</u>

Petitioner will continue to receive the annuity payments from the Life Insurance Company only so long as he, Guy Irwin, is alive at the time that a particular payment is due.  Written notice shall be provided to the Secretary of Health and Human Services and the Life Insurance Company within twenty (20) days of Guy Irwin's death.

---

       d.  Fitch Credit Rating Company, Insurance Company Claims Paying Ability Rating:  AA-, AA, AA+, or AAA.

[6] Petitioner authorizes the disclosure of certain documents filed by the petitioner in this case consistent with the Privacy Act and the routine uses described in the National Vaccine Injury Compensation Program System of Records, No. 09-15-0056.

    3.      <u>Guardianship</u>

Petitioner is a competent adult.  Evidence of guardianship is not required in this case.

**III.**     **<u>Summary of Recommended Payments Following Judgment</u>**

A.     Lump Sum paid to petitioner, Guy Irwin:     **$425,509.66**

B.     Medicaid lien:     **$    369.68**

C.     An amount sufficient to purchase the annuity contract described above in section II.C.

Respectfully submitted,

BRETT A. SHUMATE
Assistant Attorney General

JONATHAN D. GUYNN
Acting Director
Torts Branch, Civil Division

HEATHER L. PEARLMAN
Deputy Director
Torts Branch, Civil Division

ALEXIS B. BABCOCK
Assistant Director
Torts Branch, Civil Division

s/ *Adam N. Muffett*
ADAM N. MUFFETT
Trial Attorney
Torts Branch, Civil Division
U.S. Department of Justice
P.O. Box 146, Benjamin Franklin Station
Washington, D.C. 20044-0146
Tel: (202) 616-2895
Email: adam.muffett@usdoj.gov

Dated:  December 19, 2025

6

**Appendix A:  Items of Compensation for Guy Irwin**             Page 1 of 1

| ITEMS OF COMPENSATION | G.R. | * | M | Lump Sum Compensation Year 1 2025 | Compensation Years 2-Life 2026-Life |
|---|---|---|---|---|---|
| Medicare Part D | 5% | | | 445.00 | 445.00 |
| Neurology | 5% | * | | 25.00 | 25.00 |
| Mileage: Neurology | 4% | | | 2.10 | 2.10 |
| Coumadin Clinic Cardiology FU | 5% | * | | 25.00 | 25.00 |
| Coumadin Clinic Blood Work | 5% | * | | | |
| Mileage: Coumadin Clinic Blood Work | 4% | | | 16.80 | 16.80 |
| Ophthalmology | 5% | * | | 25.00 | 25.00 |
| Mileage: Opthalmology | 4% | | | 3.22 | 3.22 |
| Neuropsychological Evaluation | 5% | * | | 25.00 | |
| Mileage: Neuropsychological Evaluation | 4% | | | 8.12 | |
| Care Management | 4% | | M | 1,560.00 | 1,560.00 |
| Vimpat | 5% | * | | | |
| Warfin - 7.5 mg | 5% | * | | | |
| Warfin - 5mg | 5% | * | | | |
| Potassium Chloride | 5% | * | | | |
| Shower Transfer Bench | 4% | * | | | |
| Reacher | 4% | * | | | |
| Physical Therapy Evaluation | 4% | * | | 25.00 | 12.50 |
| Mileage: Physical Therapy Evaluation | 4% | | | 2.10 | 1.05 |
| YMCA | 4% | * | | | |
| Mileage: YMCA | 4% | | | 252.00 | 252.00 |
| Cognitive Therapy | 4% | | | 300.00 | |
| Mileage: Cognitive Therapy | 4% | | | 97.44 | |
| Personal Care Attendant | 4% | | M | 91,892.40 | 91,892.40 |
| Home Modifications: Grab Bars | 4% | | | 120.00 | 12.00 |
| Lost Earnings | | | | 173,019.18 | |
| Pain and Suffering | | | | 150,000.00 | |
| Past Unreimbursable Expenses | | | | 7,666.30 | |
| Medicaid Lien | | | | 369.68 | |
| Annual Totals | | | | 425,879.34 | 94,272.07 |

Note: Compensation Year 1 consists of the 12 month period following the date of judgment.

Compensation Year 2 consists of the 12 month period commencing on the first anniversary of the date of judgment.

As soon as practicable after entry of judgment, respondent shall make the following payment to petitioner for Yr 1 life care expenses ($94,824.18), lost earnings ($173,019.18), pain and suffering ($150,000.00), and past unreimbursable expenses ($7,666.30): $425,509.66.

As soon as practicable after entry of judgment, respondent shall make the following payment jointly to petitioner and the Commonwealth of Pennsylvania, as reimbursement of the Commonwealth's Medicaid lien: $369.68.

Annual amounts payable through an annuity for future Compensation Years follow the anniversary of the date of judgment.

Annual amounts shall increase at the rates indicated above in column G.R., compounded annually from the date of judgment.

Items denoted with an asterisk (*) covered by health insurance and/or Medicare.

Items denoted with an "M" payable in twelve monthly installments totaling the annual amount indicated.